IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GULF COAST ENVIRONMENTAL SYSTEMS, LLC | § § § | |
| Plaintiff, | § § | |
| vs. | § § | |
| AMERICAN SAFETY INDEMNITY COMPANY and ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY | § § § § § | CIVIL ACTION NO. 4:11-cv-02753 |
| Defendants. | § § | |

## AGREED JOINT MOTION FOR PARTIAL ABATEMENT AND IN THE ALTERNATIVE, MOTION FOR CONTINUANCE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, GULF COAST ENVIRONMENTAL SYSTEMS, LLC, ("GULF COAST"), Plaintiff, AMERICAN SAFETY INDEMNITY COMPANY ("ASI"), and ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY ("ENDURANCE"), Defendants, in the above-entitled and numbered cause, and file this Agreed Joint Motion for Partial Abatement and in the Alternative, Motion for Continuance, and would show the Court the following:

1. This case is set for trial on February 7, 2013.

2. The discovery cutoff date is November 30, 2012.

3. Plaintiff and ASI filed cross motions for summary judgment, seeking judgment on ASI's duty to defend the underlying suit. ASI additionally seeks summary judgment on its duty to indemnify Plaintiff for the claims asserted in the underlying suit, contending that this issue can be decided on the basis of the summary judgment evidence as a matter of law. Plaintiff asserts that such motion by ASI is premature at this time.

4. Endurance also filed a motion for summary judgment against Plaintiff on its duty to defend and indemnify Plaintiff against the claims in the underlying suit.

5. An oral hearing on the Motions for Summary Judgment filed by all three parties was held before the Magistrate on August 13, 2012. The Court has not yet ruled on the pending motions for summary judgment.

6. At a minimum, the parties anticipate that ASI's duty to defend will be resolved by the pending motions for summary judgment and agree that no discovery is required on the ASI duty to defend issues because pursuant to the eight-corners rule the duty to defend is determined on the basis of the underlying complaint and the terms of the insurance policies. *National Union Fire Ins. Co. v. Merchants Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997); *Texas Prop. & Cas. Ins. Guar. Ass'n. v. Southwest Aggregates, Inc.*, 982 S.W.2d 600, 604 (Tex. App. – Austin 1998, no pet.).

7. If the Court denies the pending motions for summary judgment as to the duty to indemnify (finding that the issue cannot be decided on the summary judgment evidence as a matter of law), the duty to indemnify issue is not ripe until the underlying suit is resolved. *See D.R. Horton – Texas, Ltd. v. Markel Int'l Ins. Co.*, 300 S.W.3d 740, 743-44 (Tex. 2009).

8. It is unlikely that the underlying suit will be tried prior to the current trial date in this case. Because the underlying case in Pennsylvania has not been resolved, the Plaintiff's claim for indemnification is not ripe. Plaintiff thus asks the Court to abate its claim for indemnification as necessary to permit efficient administration of the case. This motion to abate is subject to and does not require the abatement of the pending motions for summary judgment as to the indemnification claim.

9. Alternatively, Plaintiff and Defendants jointly request the Court to continue the trial date and all current pretrial deadlines 60 days so that the parties are not forced to conduct discovery on issues that are not yet ripe and that may be decided on summary judgment.

10. This motion is not sought merely for purposes of delay but to permit the more efficient adjudication of this case.

**WHEREFORE, PREMISES CONSIDERED**, all parties jointly request the Court to change the Scheduling/Docket Control Order as described above, and abate the Plaintiff's claim for indemnification subject to the Court's ruling on the pending motions for summary judgment

Respectfully submitted,

Date: October 31, 2012                    /s/ Charles S. Fuquay_____
Charles S. Fuquay
Texas Bar No. 07552400
Southern District ID No. 37786
Jones, Allen & Fuquay, L.L.P.
8828 Greenville Avenue
Dallas, Texas 75243
Phone:     (214) 343-7400
Facsimile: (214) 343-7455
**Counsel for Plaintiff Gulf Coast Environmental Systems, LLC**

Date: October 31, 2012                    /s/ Lauren N. Pierce_____
Lauren N. Pierce
Texas Bar No. 00784675
Cooper & Scully, P.C.
Founders Square
900 Jackson Street, Suite 100
Dallas, Texas 75202
Phone:     (214) 712-9500
Facsimile: (214) 712-9540
**Counsel for Defendant American Safety Indemnity Company**

Date: October 31, 2012                    /s/ Steven B. Harris_____
Steven B. Harris
Texas Bar No. 09093200
Southern District ID No. 3920
Eric J. Cassidy
Texas Bar No. 24031807
Southern District ID 30001
Squire Sanders & Dempsey (US) LLP
6200 Chase Tower, 600 Travis Street
Houston, Texas 77002
Phone:     (713) 546-5850
Facsimile: (713) 546-5830
**Counsel for Defendant Endurance American Specialty Insurance Company**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon the following via the electronic filing system, on this 31st day of October, 2012:

Lauren N. Pierce
COOPER & SCULLY, P.C.
Founders Square
900 Jackson Street
Suite 100
Dallas, Texas 75202
Facsimile: (214) 712-9540

Eric J. Cassidy
SQUIRE SANDERS & DEMPSEY (US) LLP
6200 Chase Tower
Houston, Texas 77002
Facsimile: (713) 546-5830            By: /s/ Charles S. Fuquay
                                             Charles S. Fuquay