UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GULF COAST ENVIRONMENTAL SYSTEMS, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:13-CV-00539 |
| AMERICAN SAFETY INDEMNITY COMPANY and ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY, | § § § § § § | |
| Defendants. | § | |

**AMERICAN SAFETY INDEMNITY COMPANY'S SUPPLEMENTAL SUMMARY JUDGMENT BRIEF ON NEW FIFTH CIRCUIT OPINION ON THE CONTRACTUAL LIABILITY EXCLUSION**

American Safety Indemnity Company ("ASIC") files this Supplemental Summary Judgment Brief on New Fifth Circuit Opinion on the Contractual Liability Exclusion, as follows:

**I.
INTRODUCTION**

This case involves ASIC's duty to defend Gulf Coast Environmental Systems, LLC ("Gulf Coast") from the claims asserted against it by Piramal Critical Care, Inc. (f/k/a Minrad, Inc.) in Cause No. C 48 CV 2010 4715, in the Court of Common Pleas of Northampton County, Pennsylvania (the "underlying suit").[1]  ASIC insures Gulf Coast under Commercial General Liability Policy ENV022206-09-01, effective March 8, 2009 through May 26, 2010 ("ASIC

---

[1] Gulf Coast also seeks indemnity from ASIC, but that claim is not ripe and has been abated until the underlying suit is resolved. See Order dated December 19, 2012 (Doc. No. 69).

**AMERICAN SAFETY INDEMNITY COMPANY'S SUPPLEMENTAL SUMMARY JUDGMENT BRIEF ON NEW FIFTH CIRCUIT OPINION ON THE CONTRACTUAL LIABILITY EXCLUSION** – Page 1
D/900171v1

policy").[2]  The ASIC policy includes both general liability coverage and professional liability coverage.[3]

ASIC and Gulf Coast filed cross-motions for summary judgment on the duty to defend. ASIC asserted multiple grounds for summary judgment.  ASIC asserted that multiple exclusions in the general liability coverage part applied to preclude ASIC's duty to defend.[4]  ASIC also contended that the professional liability coverage part (which provided claims made and reported coverage) was not triggered and that even if it was triggered, exclusions apply to preclude coverage.[5]  Among the exclusions asserted by ASIC in its motion was the contractual liability exclusion, which is included in both the general liability and professional liability coverage parts. *See* Exhibit 2, App. 12, 29.

While the motions were pending, the Fifth Circuit Court of Appeals certified questions to the Supreme Court of Texas in *Ewing Constr., Inc. v. Amerisure Ins. Co.,* a key case on the contractual liability exclusion.  This Court abated its ruling on the motions for summary judgment pending the Texas Supreme Court's ruling on the certified questions in *Ewing*.  *See* order dated February 28, 2013 (Dkt. 78).  The Supreme Court issued its opinion on January 17, 2014, *Ewing Construction Co. v. Amerisure Ins. Co.,* 420 S.W.3d 30 (Tex. 2014), and both American Safety and Gulf Coast submitted supplemental briefing on the application of *Ewing* to the pending cross-motions for summary judgment.

The U.S. Court of Appeals for the Fifth Circuit was likewise waiting for the *Ewing* decision before ruling on another case involving the contractual liability exclusion, *Crownover v. Mid-Continent Cas. Co.*, ___ F.3d ___, 2014 WL 2921649 (5th Cir. June 27, 2014).  The Fifth

---

[2] The ASIC policy is Exhibit 2 in the Appendix to American Safety Indemnity Company's Amended Motion for Summary Judgment ("Appendix" or "App.") filed on 5/8/12, App. 3-79.
[3] See Exhibit 2, App. 11-17; 28-42.
[4] See ASIC's Amended Motion for Summary Judgment and Brief in Support, at 9-24 (Doc. No. 44).
[5] *Id.* at 26-34.

Circuit recently issued its opinion in *Crownover*, affirming the district court's order granting Mid-Continent's motion for summary judgment on the basis of the contractual liability exclusion. Because this new Fifth Circuit opinion is relevant to the issues pending before the Court, American Safety submits this supplemental brief on the *Crownover* case.

For the reasons explained below, the Fifth Circuit's opinion in *Crownover* supports the applicability of the contractual liability exclusion in this case because, like the contract between Gulf Coast and Piramal involved in this case, the contract in Crownover contained obligations that went beyond common law duties. For that reason, the Fifth Circuit held the contractual liability exclusion applied to preclude coverage. For the same reason, the contractual liability exclusion in the ASIC policy applies to preclude coverage for the claims against Gulf Coast in the underlying suit and this court should grant ASIC's motion for summary judgment and issue a judgment holding that ASIC has no duty to defend Gulf Coast in the underlying suit.

## II.
## SUMMARY JUDGMENT EVIDENCE

This supplemental brief is supported by the summary judgment evidence included in the Appendix to American Safety Indemnity Company's Amended Motion for Summary Judgment. Additionally, a copy of the Fifth Circuit's opinion in *Crownover* is attached for the Court's convenience as Exhibit 1.

## III.
## ARGUMENTS AND AUTHORITIES

American Safety briefed in detail the facts and legal analysis in the two primary cases controlling the contractual liability issue in its summary judgment briefing, including its Supplemental Summary Judgment Brief Regarding the Texas Supreme Court Opinion in *Ewing Construction v. Amerisure* (Dkt. 82), and incorporates by reference that analysis here. Those

case are *Gilbert Texas Construction, L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118 (Tex. 2010) and *Ewing Constr., Inc. v. Amerisure Ins. Co.,* 814 F.Supp.2d 739 (S.D. Tex. 2011).

In *Crownover*, the Crownovers brought an arbitration proceeding against Arrow Development because it failed to promptly correct defective construction of their residence. Crownover recovered an award in the arbitration, and sued Arrow's insurer, Mid-Continent, to recover the judgment. Mid-Continent denied coverage for the arbitration award claiming (among other things) that the award was excluded by the contractual liability exclusion in the policy. The district court granted summary judgment for Mid-Continent and the Crownovers appealed.

The Fifth Circuit applied the analysis of both *Gilbert* and *Ewing* in construing the application of the contractual liability exclusion in the Mid-Continent policy to the Crownover arbitration award. The court held that the basis of Arrow's liability to the Crownovers was an express contractual warranty provision under which Arrow promised to repair defective construction. *Crownover*, 2014 WL 2921649 at *6. The Court found that this obligation was "virtually indistinguishable" from the contract provision in *Gilbert* that the Texas Supreme Court held extended beyond Gilbert's obligations under general law and was thus excluded under the contractual liability exclusion. *Id*. The Court distinguished the express warranty provision in Crownover that was the basis of Arrow's liability from the contract in *Ewing*, which did no more than mirror Ewing's common law obligation to perform in a good and workmanlike manner. *Id*.; see *Ewing*, 420 S.W.3d at 37-38; *Gilbert* 327 S.W.3d at 127. For this reason, the Fifth Circuit held that the contractual liability exclusion applied to exclude coverage for the Arrow arbitration award. *Crownover*, 2014 WL 2921649 at *6.

The contract between Gulf Coast and Piramal in this case is the same.  As is discussed in detail in American Safety's summary judgment briefing, particularly in American Safety's Supplemental Summary Judgment Brief Regarding the Texas Supreme Court Opinion in *Ewing Construction v. Amerisure* (Dkt. 52), Gulf Coast's obligations to Piramal are specific and go well beyond any common law obligation to perform in a good and workmanlike manner.  *See* American Safety's Supplemental Summary Judgment Brief Regarding *Ewing*, at 10-12 (Dkt. 82).  Moreover, neither exception to the exclusion applies.  *Id.* at 12-14.  Thus, under *Gilbert*, *Ewing*, and now *Crownover*, the Court should grant American Safety's motion for summary judgment and hold that ASIC thus has no duty to defend Gulf Coast as a matter of law.

WHEREFORE, for the reasons discussed above and in its prior summary judgment briefing, American Safety Indemnity Company respectfully requests that this Court hold that ASIC has no duty to defend Gulf Coast against the claims asserted by Piramal in the underlying suit as a matter of law.  ASIC accordingly respectfully requests that the Court GRANT its Amended Motion for Summary Judgment, deny Gulf Coast's motions for summary judgment, dismiss all of Gulf Coast's claims against ASIC with prejudice, and for all other relief to which it is entitled.

Respectfully submitted,

**COOPER & SCULLY, P.C.**

By: / Lauren N. Pierce /

    **LAUREN N. PIERCE**
    Attorney in Charge
    State Bar No. 00784675
    Southern District Bar No. 18307
    Lauren.pierce@cooperscully.com

900 Jackson, Suite 100
Dallas, Texas 75202
Telephone:  214.712.9500
Facsimile:  214.712.9540

**ATTORNEY FOR DEFENDANT
AMERICAN SAFETY INDEMNITY
INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

      I hereby certify that on July 18, 2014, I served the following counsel of record via the electronic filing system:

Charles S. Fuquay
Jones, Allen & Fuquay, LLP
8828 Greenville Avenue

                                        / Lauren N. Pierce /
                                _____
                                **LAUREN N. PIERCE**